UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARK S. LEWIS                                                                                    PLAINTIFF

V.                              3:15CV00145 JLH/JTR

GERALD MCCLUNG,
Retired State Trooper, et al.                                                              DEFENDANTS

### INITIAL ORDER FOR *PRO SE* PRISONERS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third:  Service of Defendants.**  All Defendants must be served within 120 days of the filing of the Complaint.  This includes "John/Jane Doe" Defendants.  It is your responsibility to identify all Defendants, including "Doe" Defendants. The Court will order service on all properly identified Defendants, but you are responsible for providing valid service addresses for each of them. Any Defendant who is not served within 120 days will be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

**Fourth: No Right to Appointed Counsel**.  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you.

**Fifth: Do Not File Discovery.**  Discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests cannot be filed with the Court.  Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until *after* he or she has filed an Answer or Motion to Dismiss.

**Sixth: Do Not Send Documents to the Court, Except in Two Situations.** You may send documents or other evidence to the Court *only* if: (1) it is attached to a Motion for Summary Judgment, or a Response thereto; or (2) the Court orders you to file documents or other evidence.

**Seventh: Witnesses.**  If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list.  After reviewing your witness list, the Court will subpoena the necessary witnesses.

**Eighth: Filing Fee.**  Every civil case filed by a prisoner  requires the plaintiff to pay a filing fee. 28 U.S.C. § 1915.  A $400 filing fee must be paid at the beginning of the lawsuit unless the plaintiff cannot afford to pay the entire fee at once.  If you

cannot afford to pay the filing fee in a lump sum, you may file an Application to Proceed *In Forma Pauperis* ("IFP"). If you are granted IFP status, the filing fee is $350. Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

You have filed an IFP that does not include a calculation sheet specifying the balances in your prison trust fund account. The Court must have that information to rule on your IFP. Although it is unclear, it appears that you are alleging that Clay County jail officials are refusing to complete your forms.

The Clerk is directed to send the Administrator of the Clay County Detention Center a calculation sheet and a copy of this Order. **The Administrator is instructed to complete the form on Plaintiff's behalf and return it to the Court within thirty days of the entry of this Order.**

IT IS SO ORDERED this 12th day of June, 2015.

                                               *J. Thomas Ray*
                                          UNITED STATES MAGISTRATE JUDGE